IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
        Plaintiff,

v.

MUNICIPALITY OF PONCE,
        Defendant,

and,

COMMONWEALTH OF PUERTO RICO,
Nominal Party required by 33 U.S.C. § 1319(e)

Civil No. 3:24-cv-01478

**COMPLAINT**

The United States of America, through its undersigned attorneys, by the authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action for injunctive relief brought under Sections 309(b) and (d) of the Federal Water Pollution Control Act of 1972, as amended (commonly referred to as the "Clean Water Act" and hereinafter referred to as "CWA"), 33 U.S.C. §§ 1319(b) and (d), against Defendant, Municipality of Ponce ("Ponce") for: (1) illegal discharges of pollutants from its small municipal separate storm sewer system ("Small MS4") into waters of United States, and (2) failure to comply with the terms and conditions of the National Pollutant Discharge Elimination System ("NPDES") General Permit for Discharges from Small Municipal Separate Storm Sewer Systems within the Commonwealth of Puerto Rico ("Small MS4 Permit"), all in violation of Sections 301(a) and 402 of the Act, 33 U.S.C. § 1311(a) and 1342.

## JURISDICTION, VENUE AND NOTICE

2. This Court has jurisdiction over the subject matter of this action under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this district under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c), and 28 U.S.C. § 1395.

4. Notice of the commencement of this action has been given to the Commonwealth of Puerto Rico ("Commonwealth") under Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## PARTIES

5. Plaintiff is the United States of America, acting by the authority of the Attorney General and on behalf of EPA.

6. Defendant Ponce is a municipality organized under the laws of the Commonwealth and is a "municipality" within the meaning of Section 502(4) of the CWA, 33 U.S.C. § 1362(4), and a "person" within the meaning of Section 502(5) of the CWA, 33 U.S.C. § 1362(5).

7. The Commonwealth is joined in this action as a nominal party under Section 309(e) of the CWA, 33 U.S.C. § 1319(e).

## STATUTORY BACKGROUND

8. The CWA is a comprehensive statute designed "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a).

9. Section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of pollutants to navigable waters of the United States except in compliance with, *inter alia*, the terms and conditions of a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

10. Section 502(12) of the CWA, 33 U.S.C. § 1362(12), defines the term "discharge of pollutants" to include "any addition of any pollutant to navigable waters from any point source."

11. Section 502(6) of the CWA, 33 U.S.C. § 1362(6), defines the term "pollutant" to include, *inter alia*, "sewage … chemical wastes, biological materials … and … municipal … waste discharged into water."

12. Section 502(7) of the CWA, 33 U.S.C. § 1362(7), defines the term "navigable waters" as "the waters of the United States, including the territorial seas."

13. Section 502(14) of the CWA, 33 U.S.C. § 1362(14), defines the term "point source" to include "any discernible, confined and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit … from which pollutants are or may be discharged."

14. Section 402 of the CWA, 33 U.S.C. § 1342, provides that EPA may issue permits under the NPDES program for the discharge of pollutants into navigable waters of the United States upon such specific terms and conditions as EPA may prescribe.

15. Pursuant to Section 402(p) of the CWA, 33 U.S.C. § 1342(p), EPA promulgated regulations at 40 C.F.R. § 122.26 that set forth NPDES permit requirements to address storm water discharges from Small MS4s.

16. Pursuant to Section 402(p) of the CWA, 33 U.S.C. § 1342(p), EPA issued the Small MS4 Permit. 81 Fed. Reg. 38,175 (Jun. 13, 2016). The previous Small MS4 Permit was issued on November 6, 2006, 71 Fed. Reg. 64952 (Nov. 6, 2006) and is superseded by the 2016 Small MS4 Permit. The Small MS4 Permit is intended to (a) ensure that pollutant discharges from Small MS4s subject to the permit are reduced to the maximum extent practicable, (b) protect water quality, and (c) satisfy the appropriate water quality requirements of the CWA. *Id*.

17. Violation of a NPDES permit is a violation of Section 402 of the CWA 33 U.S.C. § 1342.

18. Section 309(b) of the CWA, 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates Sections 301(a) and 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342.

19. Section 309(d) of the CWA, 33 U.S.C. § 1319(d), authorizes the commencement of an action for civil penalties against any person who violates Sections 301(a) or 402 of the CWA, 33 U.S.C. §§ 1311(a) and 1342.

## GENERAL ALLEGATIONS

20. Ponce is the owner and operator of a Small MS4, which is a system of conveyances (including roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, and storm drains) designed to collect, convey, and discharge storm water to receiving waters.

21. Ponce's Small MS4 outfalls, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

22. Ponce became authorized on October 25, 2016, and it has been authorized at all times relevant to this Complaint, to discharge storm water from its Small MS4 under the Small MS4 Permit.

23. Part 1.3 of the Small MS4 Permit provides that it does not authorize the discharge of storm water that is mixed with sources of non-storm water, which includes untreated wastewater, such as sewage, unless authorized under a separate NPDES permit or allowed under several exceptions set forth in Part 1.4 of the Small MS4 Permit, none of which is applicable here.

24. Part 2.1.1 of the Small MS4 Permit provides that Small MS4 discharges shall not cause or contribute to an exceedance of applicable water quality standards for the receiving water.

25. Part 2.4.4 of the Small MS4 Permit requires Ponce to develop, implement and enforce a program to detect, investigate, and eliminate illicit discharges into its Small MS4.

4

26. Part 2.4.4.4 of the Small MS4 Permit provides that discharges from sanitary sewer overflows "(SSOs")" to the MS4 are prohibited and any such discharge violates the permit and remains a violation until eliminated.

27. Part 2.4.4.4.b of the Small MS4 Permit requires Ponce, within 120 days of the authorization under the Small MS4 Permit, to develop an inventory of all identified SSOs that have discharged to its MS4 within the previous five years.

28. Part 2.4.4.6 of the 2016 Small MS4 Permit requires Ponce to develop a revised and more detailed map than was required by the 2006 Small MS4 Permit, including municipal separate storm sewer system, outfalls and receiving waters, pipes, open channel conveyances (swales, ditches, etc), catch basins, manholes, flood control pump stations, interconnections with other MS4s, municipally-owned stormwater treatment structures, catchments delineation, waterbodies, among other information, within three years from the authorization under the Small MS4 Permit. (Part 4.2.3.1.2 of the 2006 Small MS4 Permit requires to develop a "storm sewer system map showing location of all outfalls and the names and location of all waters of the United States that receive discharges from those outfalls.")

29. Part 2.4.4.7 of the Small MS4 Permit requires Ponce to develop, within one year from the authorization under the Small MS4 Permit, an outfall and interconnection inventory identifying each outfall and interconnection discharging from the MS4, including the location and condition of each such outfall and interconnection, and a framework to track inspections, screenings and other activities under the permittee's Illicit Discharge Detection and Elimination ("IDDE") program.

30. Part 2.4.4.8 of the Small MS4 Permit requires Ponce to develop and implement an IDDE program within one year of the authorization under the Small MS4 Permit.

31. Part 2.4.4.8.d of the Small MS4 Permit requires Ponce to include in the IDDE program a written procedure for screening and sampling of all outfalls and interconnections from its MS4 in dry and wet weather for evidence of illicit discharges and SSOs.

32. Part 2.4.4.9.a of the Small MS4 Permit requires Ponce to complete dry weather screening and sampling of every MS4 outfall and interconnection within three years from the authorization under the Small MS4 Permit.

33. Part 2.4.4.8.e of the Small MS4 Permit requires Ponce to develop and include in the IDDE program a written systematic procedure for catchment investigation that includes: (a) a review of mapping and historic plans and records for the catchment; (b) a manhole inspection methodology; and (c) procedures to isolate and confirm sources of illicit discharges.

34. Part 2.4.4.9.c.i of the Small MS4 Permit requires Ponce to complete a catchment investigation procedure (a) covering a minimum of 80% of the MS4 area served by problem catchments within three years of the authorization under the permit and (b) covering 100% of the MS4 area served by problem catchments within five years of the authorization under the permit.

35. Part 2.4.4.11 of the Small MS4 Permit requires Ponce to, at a minimum, provide annual training to employees involved in IDDE program.

36. Part 2.4.7.1.d of the Small MS4 Permit requires Ponce to establish, within one year from the authorization under the permit, an infrastructure operations and maintenance program detailing the activities and procedures that Ponce will implement so that the MS4 infrastructure is maintained in a timely manner to reduce the discharge of pollutants from the MS4.

37. Part 3.4.1 of the Small MS4 Permit requires Ponce to submit an annual report that includes: (a) an assessment of the best management practices, (b) the status of Ponce's identification of discharges causing or contributing to any exceedance in water quality standards,

and (c) descriptions of activities related to the implementation of the IDDE program, among other requirements.

38. Part 1.5 of the Small MS4 Permit provides that any non-compliance with any requirement of the permit constitutes a violation of such as well as the CWA and may be grounds for an enforcement action resulting in the imposition of injunctive relief and/or penalties.

## FIRST CLAIM FOR RELIEF
### Discharges of Pollutants from Small MS4 Outfalls

39. The United States realleges and incorporates by reference the allegations of paragraphs 1 through 38.

40. Water quality samples taken by Ponce on June 7, 2022, June 8, 2022, January 27, 2023, and May 31, 2023, demonstrate exceedances of applicable water quality standards for Total Coliforms and Enterococcus bacteria from its MS4 outfalls.

41. Annual report 2022-2023 submitted by Ponce demonstrates exceedances of applicable water quality standards for Total Coliforms and Enterococcus bacteria.

42. Ponce is engaged in the "discharge of pollutants" from its MS4 outfalls within the meaning of Section 502(12) of the CWA, 33 U.S.C. § 1362 (12).

43. Ponce's MS4 outfalls, from which pollutants are discharged, are "point sources," within the meaning of Section 502(14) of the CWA, 33 U.S.C. § 1362(14).

44. Ponce has discharged and/or is discharging storm water that is mixed with non-storm water, including untreated wastewater and sewage, from its MS4 outfalls.

45. Ponce discharged and/or is discharging Total Coliforms and Enterococcus bacteria to surface waters in excess of applicable water quality standards. Such discharges cause or contribute to in-stream exceedances of Puerto Rico Water Quality Standards.

46. Total Coliform and Enterococcus bacteria are "pollutants" within the meaning of Section 502(6) of the CWA, 33 U.S.C. § 1362(6).

47. Ponce's discharges of Total Coliforms and Enterococcus bacteria from its MS4 outfalls to waters of the United States are not authorized by the Small MS4 Permit, any other NPDES permit, or any provision of the CWA.

48. Ponce's discharges of pollutants from its MS4 outfalls, as described in Paragraph 47, are violations of Section 301(a) of the CWA, 33 U.S.C 1311(a).

49. Ponce will continue to discharge pollutants to waters of the United States in violation of Section 301(a) of the CWA, 33 U.S.C § 1311(a), unless restrained by this Court.

50. Under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, Ponce is liable for injunctive relief and for civil penalties not to exceed $64,618 per day per violation occurring after November 2, 2015, through December 21, 2023, and $66,712 per day per violation occurring after December 21, 2023.

## SECOND CLAIM FOR RELIEF
**Failure to Develop, Implement and Enforce a
Program to Detect and Eliminate Illicit Discharges**

51. The United States realleges and incorporates by reference the allegations of paragraphs 1 through 50.

52. Ponce obtained authorization under the Small MS4 Permit on October 25, 2016, and has been subject to the Small MS4 Permit at all times relevant to this Complaint.

53. Ponce failed to develop an inventory of all identified SSOs for three years, as required by Part 2.4.4.4 of the Small MS4 Permit.

54. From 2019 through 2023, Ponce failed to complete a revised and more detailed map as required by the 2006 Small MS4 Permit pursuant to Part 2.4.4.6 of the 2016 Small MS4 Permit.

55. From June 1, 2019, through June 30, 2021, Ponce failed to develop an outfall and interconnection inventory identifying each outfall and interconnection discharging from the Ponce Small MS4 at Playa Ward.

56. Ponce failed to complete a written IDDE program from June 1, 2019, through June 1, 2023.

57. Ponce failed to develop an interconnection screening and sampling procedure from October 25, 2019, through June 30, 2023.

58. Ponce failed to provide annual training from June 1, 2019, through January 19, 2023, as required by Part 2.4.4.11 of the Small MS4 Permit.

59. Ponce failed to implement an interconnection screening and sampling procedure from October 25, 2019, to the present, as required by Part 2.4.4.9.a of the Small MS4 Permit.

60. Ponce failed to develop and implement a catchment investigation procedure from October 25, 2021, to the present, as required by Part 2.4.4.8.e and Part 2.4.4.9.c.i of the Small MS4 Permit.

61. Ponce failed to develop and implement an Infrastructure Operations and Maintenance Program detailing the activities and procedures to be implemented to timely maintain Ponce MS4 and reduce the discharge of pollutants from it, as required by Part 2.4.7.1.d of the Small MS4 Permit.

62. Ponce will continue failing to comply with the Small MS4 Permit requirements in violation of Section 402 of the CWA, 33 U.S.C. 1342, unless restrained by this Court.

63. Under Sections 309(b) and (d) of the CWA, 33 U.S.C. §§ 1319(b) and (d), and 40 C.F.R. § 19.4, Ponce is liable for injunctive relief and for civil penalties not to exceed $64,618 per day per violation occurring after November 2, 2015, through December 21, 2023, and $66,712 per day per violation occurring after December 21, 2023.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that the Court grant the following relief:

a. Permanently enjoin Ponce, under Section 309(b) of the CWA, 33 U.S.C. § 1319(b), from any and all future violations of the CWA and from discharges of pollutants except as authorized by a NPDES permit issued under Section 402 of the CWA, 33 U.S.C. § 1342;

b. Order Ponce to pay civil penalties not to exceed $64,618 per day per violation occurring after November 2, 2015, through December 21, 2023, and $66,712 per day per violation occurring after December 21, 2023.

c. Award the United States its costs in this action; and

d. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Todd Kim, Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

_____
Dated

SUZETTE MELENDEZ COLON
Digitally signed by SUZETTE MELENDEZ COLON
Date: 2024.10.15 17:12:29 -04'00'

Suzette M. Meléndez-Colón   G04014
Special DOJ Attorney
U.S. Department of Justice
Environment and Natural Resources Division
City View Plaza II, Suite 7000
48 RD. 165 Km. 1.2
Guaynabo, PR 00968-8069

W. Stephen Muldrow
United States Attorney
District of Puerto Rico

Lisa Bhatia
Assistant U.S. Attorney
United States Attorney's Office
District of Puerto Rico
Torre Chardon, Suite 1201
350 Carlos Chardon Avenue
San Juan, Puerto Rico 00918